### TRADERS SECURITY CO v CLAY

Ohio Appeals, 4th Dist, Lawrence Co

Decided November 16, 1931

F. A. Ross, Ironton, for plaintiff in error.
Wayne L. Elkins, Ironton, for defendant in error.

BLOSSER, J.

It is urged that the court erred in not directing the jury to find for the plaintiff and that the verdict is against the manifest weight of the evidence. The bills of exchange were endorsed without recourse, this being known as a qualified or restrictive endorsement. There was evidence tending to show that on September 28, 1928, Blackstad Inc. was the holder of the bills of exchange sued upon, and that on September 29, 1928, the defendant notified Blackstad Inc. of the repudiation of the contract by reason of the alleged fraud, failure of consideration and misrepresentation, and that on October 29, 1928, the bills of exchange sued upon were purchased from Blackstad Inc. by the Traders Security Company, the plaintiff in this case, at a discount of ten per cent from their face. It further appears in evidence that the office of the Interstate Collection Association, thru which the collection of these bills of exchange was undertaken, is located in the same offices as the Traders Security Company and of Frank Coffman who was acting as agent for the plaintiff and who negotiated the purchase of the bills of exchange from Blackstad Inc. The testimony of the defendant Clay, together with that of the witness Coffman, and with other evidence presented, discloses such a state of facts as to form some basis in support of the claim of the defendant and to require inquiry and notice on the part of the Traders Security Company when it purchased the bills of exchange in question.

In the trial below the plaintiff requested that the jury answer certain special interrogatories, which it did. The second interrogatory was:

"Did plaintiff purchase the several bills of exchange in good faith for a valuable consideration and without any fraud on plaintiff's part or without the knowledge of any fraud committed by Blackstad Inc. in procuring defendant's acceptance of the bills of exchange?
Answer. No."

In view of the evidence referred to and the finding of the jury we are not disposed to interfere with the judgment on the ground that there should have been a directed verdict for the plaintiff or that the verdict is not supported by the evidence.

"If there was some evidence to be submitted to the jury the verdict will not be disturbed."
Bank v. Windell, 100 Oh St 47.

The plaintiff in error complains of the refusal of the court to give its special instruction number eight as follows:

"I charge you that in order for defendant to establish his second defense to plaintiff's cause of action as set forth in his answer he must show by a preponderance of the evidence that his acceptance of the several bills of exchange was procured through fraud and misrepresentation by the agent and representative of Blackstad Inc., and that the plaintiff either had knowledge of such fraud and misrepresentation, if any, before it purchased said several bills of exchange from Blackstad Inc. or that plaintiff purchased the said bills of exchange after maturity."

Sec 8164 GC provides:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course."

Sec 8157 GC provides what the plaintiff must prove to show that he is a holder in due course, paragraph four being that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

The plaintiff in his answer alleged an infirmity in the title to the bills of exchange in question. As already referred to, there was some evidence offered in support of this infirmity and also certain facts and circumstances shown which would put the plaintiff on notice when it purchased the paper. If the defendant by his evidence established the infirmity in the title to the

·bills of exchange as between the original parties then the burden was on the plaintiff in this case to show that it or some one under whom it claims acquired title as a bona fide holder in due course. Thompson, et al v. Bank, 13 O. C. C. (n.s.) 515, Regan v. Sherman, 17 O. C. C. (n.s.) 523, **1 Oh Ap** 273, 8 C. J. 984.

Plaintiff's special charge number eight placed a greater burden on the defendant than was warranted by the law. After the defendant had alleged and proven the infirmity in the title to the paper as between the original parties he was not called upon to prove by a preponderance of the evidence "that the plaintiff either had knowledge of such fraud and misrepresentation, if any, before it purchased said several bills of exchange from Blackstad Inc. or that plaintiff purchased the said bills of exchange after maturity." After the defendant had established the infirmity between the original parties then the burden was on the plaintiff to prove that it was a bona fide purchaser in due course.

The contentions of the plaintiff in error with reference to the errors complained of are not well taken and the judgment of the court below is affirmed.

Judgment affirmed.

MAUCK, PJ and MIDDLETON, J, concur.